## CHATTANOOGA FOUNDRY AND PIPE WORKS v. CITY OF ATLANTA.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 94. Argued November 9, 12, 1906.—Decided December 3, 1906.

By express provision of the act of July 2, 1890, 26 Stat. 209, a city is a person within the meaning of section 7 of that act, and can maintain an action against a party to a combination unlawful under the act by reason of which it has been forced to pay a price for an article above what it is reasonably worth.

A person whose property is diminished by a payment of money wrongfully induced is injured in his property.

Where Congress has power to make acts illegal it can authorize a recovery for damage caused by those acts although suffered wholly within the boundaries of one State.

Although the sale may not have been so connected with the unlawful combination as to be unlawful, the motives and inducements to make it may be so affected by the combination as to constitute a wrong.

The five year limitation in § 1047, Rev. Stat., does not apply to suits brought under § 7 of the act of July 2, 1890, but by the silence of that act the matter is left under § 721, Rev. Stat., to the local law.

The three year limitation in § 2773, Tennessee Code, for actions for in-juries to personal or real property, applies to injuries falling upon some object more definite than the plaintiff's total wealth and the general ten year limitation in § 2776 for all actions not expressly provided for controls actions of this nature brought under § 7 of the act of July 2, 1890.

127 Fed. Rep. 23; 101 Fed. Rep. 900, affirmed.

THE facts are stated in the opinion.

*Mr. Frank Spurlock,* with whom *Mr. Foster V. Brown* was on the brief, for plaintiff in error:

The city of Atlanta has no cause of action under the Anti-trust Act.

While the declaration alleges that the defendant in error was injured in its business of supplying water to its inhabitants, the averment can only mean that it was injured by the payment of an excessive price for the pipe bought to extend its water mains. There is no allegation showing an injury of any other character either to the business or property of the defendant in error. The action can only be maintained, if at all, on the ground that the defendant in error, as a consumer, has been compelled to pay more for the goods it purchased by reason of the fact that the seller was a party to an illegal combination. *Brown & Allen* v. *Jacob's Pharmacy,* 115 Georgia, 429; *Boutwell* v. *Marr,* 71 Vermont, 1; *Doremus* v. *Hennessy,* 176 Illinois, 608; *Mogul S. S. Co.* v. *McGregor,* L. R. 15 Q. B. Div. 476; *S. C.,* 21 Q. B. Div. 544; *S. C.,* 23 Q. B. Div. 598.

From the nature and purpose of a combination to restrain and monopolize, it was expected that every contract, combination or conspiracy to restrain trade or to monopolize the same would include among its purposes that of an assault upon the business of independent rival traders. For such action is necessary to complete the illegal scheme.

So by §§ 1 and 2 of the act Congress struck at the initial step towards the creation of these injurious combinations by imposing heavy penalties for joining in them, and by § 7 penalties, in the nature of treble damages and attorneys' fees, were provided to protect the independent trader by giving him a right of action if injured in his business or property by the combination of those endeavoring to create the monopoly.

There is not only no language in the act from which it could be inferred that Congress meant to protect the business of those engaged in trade wholly within the States, but *Addyston Pipe & Steel Co.* v. *United States,* 175 U. S. 211, 247, held that Congress has no jurisdiction over that part of a combination

or agreement which relates to commerce wholly within the State and which is subject alone to the jurisdiction of the State. Whenever, therefore, the business of a waterworks company, or the like, is injured by a combination or monopoly, redress therefor must be sought under the laws of the State under which the business is carried on.

To extend the operation of the act so as to give a right of action, under the seventh section thereof, to every consumer seeking to recover back, as excessive, a part of the price paid for goods bought and shipped from another State, would include a class of actions not contemplated by Congress, and not necessary to insure competition in interstate trade. Such damages could only arise from fraud or deceit in making the sale, and would be governed by the laws of the State under which the contract was made and to be performed. *Montague & Co.* v. *Lowry,* 193 U. S. 38; *Gibbs* v. *McNeeley,* 118 Fed. Rep. 127; *Whitwell* v. *Tobacco Co.,* 125 Fed. Rep. 545.

Defendant in error contracted for the purchase of pipe at an agreed price fixed in the contract. This agreement was legal and binding under the laws of Georgia, where it was made and to be performed, notwithstanding the fact that the selling company was a party to a contract in restraint of trade, which was illegal under the laws of the United States. *National Distilling Co.* v. *Cream City Importing Co.,* 86 Wisconsin, 352; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540.

The Anti-trust Act is not a legal method of regulating prices. While denying to interstate traders the right to form combinations that would have the power to prescribe prices, Congress did not undertake itself to do, either directly or indirectly, what it prohibited to others. An action for threefold damages will only lie where there has been an actual, direct injury inflicted by something done in violation of the act (*Minnesota* v. *Northern Securities Co.,* 194 U. S. 48, 70), and this injury must have been done to the person suing in his business of interstate commerce, or in his property while the subject of interstate commerce.

Under the statute of limitatiòns of Tennessee applicable to this case the suit is barred either in one year as a statute penalty or in three years as an injury to- property for tort. *State* v. *House,* 2 Shannon's Cases, 610; *State* v. *Shaw,* 113 Tennessee, 536; *Hogan* v. *Chattanooga,* 2 Tennessee, 339; *Greenwood* v. *State,* 6 Baxt. 567, 576; *Huntington* v. *Attrill,* 146 U. S. 657, 667; *Merchants' Bank* v. *Bliss,* 35 N. Y. 412; *Stokes* v. *Stickney,* 96 N. Y. 326.

A statute may not be penal in the international sense of that term, but penal within the meaning of the statutes of limitations applicable to private actions only. The following cases, brought to enforce statutory liability, were held to be penal actions within the meaning of the statutes of limitations barring civil suits for statute penalties. *Beadle* v. *Railroad Company,* 48 Kansas, 379; 51 Kansas, 252; *Savings Bank* v. *Bailey,* 66 N. H. 334; *Gridley* v. *Barnes,* 103 Illinois, 211; *Baker Wire Co.* v. *Chicago & N. W. Ry. Co.,* 106 Iowa, 239; *A., T. & S. F. Ry. Co.* v. *Tanner,* 19 Colorado, 559; *State Savings Bank* v. *Johnson,* 18 Montana, 440; *Raticon* v. *Terminal Assn.,* 114 Fed. Rep. 666; *Davis* v. *Mills,* 113 Fed. Rep. 678; *S. C.,* 121 Fed. Rep. 703; *Patterson* v. *Wade,* 115 Fed. Rep. 770; *Goodridge* v. *Union Pac. Ry. Co.,* 35 Fed. Rep. 35; *Barry* v. *Edmonds,* 116 U. S. 550, 565; *Mo. Pac. Ry. Co.* v. *Humes,* 115 U. S. 522; *Minneapolis Ry.* v. *Beckwith,* 129 U. S. 35.

If the penalty, or recovery in excess of compensatory damages, is imposed for a failure to pay a debt, and not in the exercise of the police power which concerns the interest of the public, then the statute is unconstitutional. *Gulf, C. & S. F. Ry. Co.* v. *Ellis,* 165 U. S. 150; *Railroad Co.* v. *Matthews,* 174 U. S. 96; *Railroads* v. *Crider,* 91 Tennessee, 490.

The suit was brought not only to recover treble damages for the injury sustained, but attorneys' fees besides. The actual damages as found by the jury were $1,500; but the judgment rendered was for $7,000, or nearly five times the damages actually suffered. This judgment can be sustained upon no other principle than that declared in the cases cited—

that is, vindictive or punitive damages, and imposed under the police power of the government for the purpose of deterring others from the commission of similar offenses.

If not barred, however, as a statute penalty in one year, the action is within § 2747, providing that all wrongs and injuries to the property and person, in which money only is demanded as damages, shall be commenced within three years and redressed by an action on the case.

As to what will support an action on the case and fall within this provision see *Love* v. *Hogan*, 5 Yer. 290; *Allison* v. *Tyson*, 5 Hum. 449; *Rosson* v. *Hancock*, 3 Sneed, 434; *Gwinther* v. *Gerding*, 3 Head, 198; *Bank* v. *Doughty*, 2 Tennessee, 584; *Railroad* v. *Guthrie*, 10 Lea, 432; *Ramsey* v. *Temple*, 3 Lea, 252; *Rhea* v. *Hooper*, 5 Lea, 390; *James & Co.* v. *Bank*, 105 Tennessee, 1. The cases cited by Court of Appeals of Tennessee can be distinguished and that court erred in holding that this action fell under the ten year statute.

An action may be in the form of debt where the statutory liability is certain, or may be made so from the face of the statute. But while such actions are in form debt, they are criminal in their nature and within the statute of limitations relating to criminal proceedings. Civil liabilities founded on sta. utes may be in the nature of debt, or contract, but an action to enforce such liability, whatever its form, would be barred by the statute applicable to contracts; and limitations applicable would always depend on the nature of the liability declared or imposed. *Bagley* v. *Shoffach*, 43 Arkansas, 377; *Chaffee* v. *United States*, 18 Wall. 516; *Stockwell* v. *United States*, 18 Wall. 531. *Bullard* v. *Bell*, 1 Mason, 243, is inapplicable. See *Householder* v. *City of Kansas*, 83 Missouri, 488, 495; *Topley* v. *Forbes*, 2 Allen, 24; Addison on Torts, 49; *Knowlton* v. *Ackley*, 8 Cush. 97; *Stearns* v. *A. & St. L. Ry. Co.*, 46 Missouri, 114; *Pollard* v. *Bailey*, 20 Wall. 520, 527; *Hightower* v. *Fitzpatrick*, 42 Alabama, 600. And see also as to action on the case being the proper remedy *Aldrich* v. *Howard*, 7 R. I. 199, 213; *Sandford* v. *Haskell*, 50 Maine, 86; *Reed* v.

*Northfield*, 13 Pick. (Mass.) 99; *Morrison* v. *Bedell*, 22 N. H. 238; *Russell* v. *L. & N. Ry. Co.*, 93 Virginia, 325; *Mount* v. *Hooter*, 58 Illinois, 246; *Boyn* v. *Smith*, 17 Wend. 88; *Beatly* v. *Barnes*, 8 Cr. 98, 108.

Actions for liabilities arising out of duties imposed or acts prohibited by statutes are within the limitation imposed on all similar actions. *Metropolitan Ry. Co.* v. *District of Columbia*, 132 U. S. 1, 13; *Carroll* v. *Green*, 92 U. S. 509; *Campbell* v. *Haverhill*, 155 U. S. 610.

The liabilities created by the statutes authorizing the organization of national banks, or for the infringement of patent rights, or rights founded on other acts of Congress, have never been treated as specialties, even though sometimes clearly in the nature of debt. *McDonald* v. *Thompson*, 184 U. S. 72; *Cockrill* v. *Butler*, 78 Fed. Rep. 680; *Stephens* v. *Overstolz*, 43 Fed. Rep. 465.

*Mr. Churchill P. Goree* and *Mr. George Westmoreland*, with whom *Mr. Linton A. Dean* and *Mr. J. L. Foust* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action by the city of Atlanta (Georgia), against two Tennessee corporations, members of the trust or combination held unlawful in *Addyston Pipe and Steel Co.* v. *United States*, 175 U. S. 211. The object of the suit is to recover threefold damages for alleged injury to the city "in its business or property" under §.7 of the act of July 2, 1890, c. 647, 26 Stat. 209. The alleged injury is that the city, being engaged in conducting a system of waterworks, and wishing to buy iron water pipe, was led, by reason of the illegal arrangements between the members of the trust, to purchase the pipe from the Anniston Pipe and Foundry Company, an Alabama corporation, at a price much above what was reasonable or the pipe was worth. The purchase was made after a simulated

competition, at a price fixed by the trust and embracing a bonus to be divided among the members. The plaintiffs in error demurred to the declaration, and pleaded not guilty, and that the action accrued more than one year and more than three years before the suit was brought, relying upon §§ 2772 and 2773 of the Code of Tennessee, the Eastern District of Tennessee being the district in which the suit was brought. The demurrer to the declaration was overruled and the plaintiff had a verdict and judgment in the Circuit Court. The verdict was for the difference between the price paid and the market or fair price that the city would have had to pay under natural conditions had the combination been out of the way, together with an attorney's fee. The judgment trebled the damages. It was affirmed by the Circuit Court of Appeals, the plaintiffs in error having saved their rights at every stage. The discussions of the law took place before the jury trial was reached. They will be found in 127 Fed. Rep. 23 and 101 Fed. Rep. 900. For our purposes it seems unnecessary to state the case at greater length.

The facts gave rise to a cause of action under the act of Congress. The city was a person within the meaning of § 7 by the express provision of § 8. It was injured in its property, at least, if not in its business of furnishing water, by being led to pay more than the worth of the pipe. A person whose property is diminished by a payment of money wrongfully induced is injured in his property. The transaction which did the wrong was a transaction between parties in different States, if that be material. The fact that the defendants and others had combined with the seller led to the excessive charge, which the seller made in the interest of the trust by arrangement with its members, and which the buyer was induced to pay by the semblance of competition, also arranged by the members of the trust. One object of the combination was to prevent other producers than the Anniston Pipe and Foundry Company, the seller, from competing in sales to the plaintiff. There can be no doubt that Congress had power to give an

action for damages to an individual who suffers by breach of the law. *Montague* v. *Lowry*, 193 U. S. 38. The damage complained of must almost or quite always be damage in property, that is, in the money of the plaintiff, which is owned within some particular State. In other words, if Congress had power to make the acts which led to the damage illegal, it could authorize a recovery for the damage, although the latter was suffered wholly within the boundaries of one State. Finally, the fact that the sale was not so connected in its terms with the unlawful combination as to be unlawful, *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, in no way contradicts the proposition that the motives and inducements to make it were so affected by the combination as to constitute a wrong. In most cases where the result complained of as springing from a tort is a contract, the contract is lawful, and the tort goes only to the motives which led to its being made, as when it is induced by duress or fraud.

The limitation of five years in Rev. Stat. § 1047, to any "suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States," does not apply. The construction of the phrase "suit for a penalty," and the reasons for that construction have been stated so fully by this court that it is not necessary to repeat them. Indeed the proposition hardly is disputed here. *Huntington* v. *Attrill*, 146 U. S. 657, 668; *Brady* v. *Daly*, 175 U. S. 148, 155, 156.

Thus we come to the main question of the case, namely, which limitation under the laws of Tennessee is applicable, the matter being left to the local law by the silence of the Statutes of the United States. Rev. Stat. § 721; *Campbell* v. *Haverhill*, 155 U. S. 610. The material provisions of the Tennessee Code are as follows: By Article 2769 (Shannon, 4466), all civil actions are to be commenced within the periods prescribed, with immaterial exceptions. By Article 2772 (Shannon, 4469), actions, among others, "for statute penalties, within one year after cause of action accrued." By 2773

(Shannon, 4470), "Actions for injuries to personal or real property; actions for the detention or conversion of personal property, within three years from the accruing of the cause of action." By 2776 (Shannon, 4473), certain actions enumerated, "and all other cases not expressly provided for, within ten years after the cause of action accrued." The Circuit Court of Appeals held that the case did not fall within 2772 or 2773, but only within 2776, and therefore was not barred. Although the decision is appealed from, as this question involves the construction of local law we cannot but attribute weight to the opinion of the judge who rendered the judgment, in view of his experience upon the Supreme Court of Tennessee. And although doubts were raised by the argument, we have come to agree with his interpretation in the main.

As to the article touching actions for statute penalties, notwithstanding some grounds for distinguishing it from Rev. Stat. § 1047, which were pointed out, so far as this liability under the laws of the United States is concerned we must adhere to the construction of it which we already have adopted. The chief argument relied upon is that this suit is for injury to personal property, and so within Article 2773. It was pressed upon us that formerly the limitations addressed themselves to forms of action, that actions upon the case, such as this would have been, were barred in three years, following St. 21 Jac. 1, c. 21, § 3, and that when a change was necessitated by the doing away with the old forms of action, it is not to be supposed that the change was intended to affect the substance, or more than the mode of stating the time allowed. Of course, it was argued also that this was an injury to property, within the plain meaning of the words. But we are satisfied, on the whole, and in view of its juxtaposition with detention and conversion, that the phrase has a narrower intent. It may be that it has a somewhat broader scope than was intimated below, and that some wrongs are within it besides physical damage to tangible property. But there is a sufficiently clear distinction between injuries to property

and "injured in his business or property," the latter being the language of the act of Congress. A man is injured in his property when his property is diminished. He would not be said to have suffered an injury to his property unless the harm fell upon some object more definite and less ideal than his total wealth. A trade-mark, or a trade-name, or a title, is property, and is regarded as an object capable of injury in various ways. But when a man is made poorer by an extravagant bill we do not regard his wealth as a unity, or the tort, if there is one, as directed against that unity as an object. We do not go behind the person of the sufferer. We say that he has been defrauded or subjected to duress, or whatever it may be, and stop there. It was urged that the opening article to which we have referred expressed an intention to bar all civil actions, but that hardly helps the construction of any particular article following, since the dragnet at the end, 2776, catches all cases not "expressly provided for." On the whole case we agree with the court below.

*Judgment affirmed.*

The Chief Justice and Mr. Justice Peckham dissent.