STROUT v. UNITED SHOE MACHINERY CO. et al.

(District Court, D. Massachusetts. November 1, 1913.)

PLEADING ☞225—AMENDMENT—DISCRETION OF COURT.

Whether or not to permit amendment after demurrer sustained is, in general, a question for the court's discretion upon all the circumstances.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583; Dec. Dig. ☞225.]

At Law. Action by Charles A. Strout, trustee, against the United Shoe Machinery Company and others. On motion to amend a special replication and demurrer thereto. Amendment allowed, and demurrer sustained.

Judgment affirmed in 225 Fed. ——, —— C. C. A. ——. See, also, 208 Fed. 646.

Whipple, Sears & Ogden, of Boston, Mass. (Sherman L. Whipple and Alexander Lincoln, both of Boston, Mass., of counsel), for plaintiff.

Coolidge & Hight, of Boston, Mass., for defendants.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DODGE, Circuit Judge. A demurrer to this special replication was sustained and judgment for the defendants ordered on September 15, 1913. ⸰ See the opinion herein of that date. 208 Fed. 646. A judgment so ordered, however, according to the practice, is not ordinarily entered before the close of the term. The plaintiff has since moved, on September 30, 1913, to amend the replication by adding to paragraph 4 thereof:

"The following specification of the particulars in which the defendants have fraudulently concealed the cause of action set forth in the amended declaration from the knowledge of the trustee appointed on February 17, 1905, and the circumstances of its discovery."

As has been stated in the above opinion, this special replication has been already once amended, on May 3, 1913. This is the second application to amend it, and is made after the court had held it necessary to specify the fraud alleged and the date and circumstances of the discovery of the cause of action said to have been concealed. The ruling that this was necessary was made after argument on the plaintiff's part to the contrary.

At the time the first amendment to this replication was allowed, it was distinctly understood by the court and counsel that the plaintiff was prepared to stand or fall by the replication as then amended and would not ask to amend further.

In his brief submitted on this motion the plaintiff says he followed a rule laid down by certain Massachusetts decisions in drafting his first amendment, and submits that this exonerates him—

"from a charge of negligence so culpable as to deprive him of relief if it ultimately turned out that he would be entitled to relief if he had set forth the particulars of the fraud and its discovery."

But for this clause, if it means that the omission to specify was due to negligence, I should be obliged to suppose the omission designed for the purpose of avoiding specification.

At the hearing on the demurrer, the authorities upon which specification was held necessary were fully cited and discussed and the question submitted by both parties on the replication as it stood, after both had been fully heard. The full opportunity afforded for making such an amendment as is now offered before the court had decided prevents the plaintiff from saying that he has not deliberately taken his chance of a decision adverse to what he contended at the hearing.

Whether or not to permit amendment after demurrer sustained is, in general, a question for the court's discretion upon all the circumstances. The circumstances referred to tend somewhat strongly to require disallowance of this amendment. But the plaintiff's suit is not a penal action, if it can be said to partake of that character in some respects. Chattanooga, etc., v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241. That strict enforcement of rules of procedure which would be proper in such an action is perhaps not here required. That the defendants' rights will necessarily be prejudiced by allowing the amendment further than can be compensated by the imposition of terms under rule 11 is not entirely clear. It seems to me, on the whole, inexpedient to terminate the case in this court by a purely discretionary

ruling, and the amendment is therefore allowed, subject to such terms as may be hereafter imposed upon the plaintiff, if the defendant makes request therefor.

It was understood at the hearing on this motion that if the amendment should be allowed the above demurrer was to apply to the replication as thereby amended; also that neither party desired further hearing upon the demurrer so applied.

I find nothing in the specifications added to the replication by this amendment to alter the conclusions announced in the opinion of September 15, 1913.

The specifications relating to the vote of the stockholders of the Goddu Company on June 7, 1904, to the filing of the bill in equity to dissolve the corporation in pursuance of the vote—to the company's answer—to the entry of the decree on February 17, 1905, and to the provisions of that decree, are not specifications of anything which would tend to concealment of the cause of action, and they confirm the conclusion that nothing done by the defendants to the injury of the company's business or property through their control of the company could have been done after that control was terminated by the decree.

Whether or not the trustee then appointed was nominated by the defendants, or the premiums on his official bond were paid by them or their counsel, he necessarily became an officer of the court and independent of them. No suggestion is made in the specifications that he failed to act independently of them, or that there was any collusion between him and them.

The specifications allege statements by the defendants to the trustee that "there were no valid claims existing in favor of the corporation," or that its patents and patent rights "were of little or no value." If such statements could be taken as stating anything more than conclusions of law or opinions of values, they could not, in any case, be taken as statements tending to conceal either the alleged doings of the defendants while they controlled the corporation, or the alleged injuries to the company thereby. Whether they were true or false, or whatever the defendants' intent in making them, they could not be regarded as preventing or obstructing, or as excusing, the trustee from making such inquiry as would at once have discovered all there was to know relating to these matters. Still less could such statements be regarded as tending to prevent or hinder any stockholders having complaints to make of any such acts or injuries from bringing them to the trustee's attention within six years from February 17, 1905, as they did, according to the specifications, after that period had expired. The company's records and books, as now appears from the specifications, were part of the assets put into the trustee's hands by the decree of February 17, 1905.

The specifications wholly fail to make it appear that reasonable diligence in inquiry was used to discover the facts asserted as constituting the cause of action, and that they nevertheless remained undiscovered until the time of discovery now specified.

No "failure to disclose" on the defendants' part which I can regard as amounting to concealment of the cause of action is made to appear

by the specifications. As stated in the former opinion, I am unable to give any weight to the allegation that the defendants "failed to disclose said facts by reason of the aforesaid plan and conspiracy."

I must therefore again sustain the demurrer, and, as before, order judgment for the defendants.