## BASCOM LAUNDER CORPORATION et al. v. FARNY et al.

United States District Court
S. D. New York.
Sept. 22, 1950.

422

Arnold G. Malkan, New York City, for plaintiffs.

Hawkins, Delafield & Wood, New York City, by Clarence Fried, New York City, for defendants.

McGOHEY, District Judge.

This is a spurious class action for treble damages under the antitrust laws. Defendants move (1) to dismiss an amended complaint, (2) for summary judgment, and (3) to strike certain allegations.

The motion to dismiss is based on two grounds: (a) failure to state a claim on which relief can be granted, (b) the bar of the statute of limitations. The amended complaint pleads no damages suffered by the plaintiff Favorite Launderer, Inc. and so, as to that plaintiff the motion to dismiss is granted, with leave however to amend as to that plaintiff within ten days after entry of the order herein.

The complaint as now amended is indeed far from "a short and plain statement of the claim showing that the pleader is entitled to relief", and its averments are certainly not "simple, concise, and direct."[1] Considerable study of it, however, discloses that it does state a claim on which, if sustained by proof, relief can be granted against the defendants. Amid the confusion of evidentiary and other unnecessary allegations is pleaded the claim that (1) the defendants, first as individuals from 1937 to November 20, 1943, and thereafter up to the filing of the complaint, as officers and directors of Telecoin, conspired with others to restrict and monopolize the business of selling Bendix washing machines for commercial use, in violation of the Sherman, Clayton and Robinson-Patman

1. Fed.Rules Civ.Proc. rule 8(a) (2), (e) (1), 28 U.S.C.A.

Price Discrimination Acts;[2] (2) the plaintiffs were thereby severally damaged in the amounts set forth as to each of them.

The defendants urge that it is not alleged that any plaintiff was injured by any acts of the defendants prior to the formation of Telecoin Corporation and that only one plaintiff is specifically alleged to have had any business at any time with any defendant. It is true that no injury is alleged prior to the formation of the Telecoin Corporation. But it is alleged that the defendants Percival and Farny, through the Corporation and as officers and directors in control of its business, carried out the alleged conspiracy to the damage of the plaintiffs individually. This is sufficient to charge a violation of the statute,[3] and to state a claim on which relief can be granted.[4]

■■ It is further urged that any claim of the plaintiffs is barred by the statute of limitations. I am unable to agree. The period of limitation in an action such as this is governed by New York Law.[5] That period is six years.[6] While § 13 of the New York Civil Practice Act calls for the application of a shorter period if the law of the state where the cause arises so provides, defendants do not contend that any such shorter period will apply here. The six year period therefore should be applied. However the operation of the statute of limitations in antitrust actions was suspended from October 10, 1942, to June 30, 1946, by the Act of October 10, 1942,[7] as amended June 30, 1945.[8] Therefore, since this action was commenced February 10, 1950, plaintiffs' claims arising since May 20, 1940, are not barred.

The motion to dismiss is therefore denied.

■ The motion for summary judgment is grounded on the assertion "that there is no genuine issue as to any material fact as more particularly appears from the affidavits of Arthur W. Percival and Eugene R. Farny annexed hereto." The Percival affidavit, however, contradicts some of the allegations of paragraph four of the amended complaint. The resulting issue of fact compels denial of the motion for summary judgment.

Paragraph 52 of the amended complaint will be stricken. It would be better procedure to move to amend so as to allege additional items of damage if and at such time as they are discovered.

The first two sentences of paragraph 18 will be stricken. They are prejudicial and violate the clear spirit of the statute if not its strict letter.[9]

If plaintiffs believe it necessary to allege that Farny or the other defendants had knowledge of the illegality of the so-called franchise agreement as originally drawn, they may do so by amendment in appropriate language within ten days from the date of entry of the order herein.

Settle order on notice.

2. 15 U.S.C.A. §§ 1 et seq., 12 et seq., 13, 13a, 13b, 21a.

3. 15 U.S.C.A. §§ 15. 24.

4. United States v. New York Great A. & P. Tea Co., Inc., E.D.Ill., 67 F.Supp. 626, 637–638, affirmed 7 Cir., 173 F.2d 79; Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., W.D.Ky., 37 F.Supp. 728, 738, affirmed Fitch v. Kentucky-Tennessee Light & Power Co., 6 Cir., 136 F.2d 12; United States ex rel. McGrath v. Mathues, E.D.Pa., 6 F.2d 149, 153; United States v. Winslow, D.Mass., 195 F. 578, 581, affirmed 227 U.S. 202, 33 S.Ct. 253, 57 L.Ed. 481.

5. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Winkler-Koch Engineering Co. v. Universal Oil Products Co., S.D.N.Y., 79 F.Supp. 1013, 1020.

6. N. Y. Civil Practice Act, § 48, subd. 2; Seaboard Terminals Corporation v. Standard Oil Co. of New Jersey, S.D. N.Y., 24 F.Supp. 1018, 1020, affirmed, 2 Cir., 104 F.2d 659.

7. c. 589, 56 Stat. 781.

8. c. 213, 59 Stat. 306.

9. Alden-Rochelle, Inc., v. American Society of Composers, Authors and Publishers, S.D.N.Y., 3 F.R.D. 157, 159.