Allen B. THOMPSON, Brona C. Thompson, Plaintiffs,

v.

NORTH CAROLINA THEATRES, INC., Wilby-Kincey Service Corporation and H. E. Kincey, Paramount Film Distributing Corporation, Loew's Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation and Republic Pictures Corporation, Defendants.

Civ. A. No. 916.

United States District Court
W. D. North Carolina,
Charlotte Division.

Sept. 9, 1959.

74

George S. Ryan and W. Bradley Ryan, Boston, Mass., Francis H. Fairley and W. I. Ward, Jr., Charlotte, N. C., for plaintiffs.

Helms, Mulliss, McMillan & Johnston, Charlotte, N. C., Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants.

WARLICK, District Judge.

The defendants in this treble damage suit under the Anti-Trust Laws, 15 U.S.C.A. § 15, have moved for a partial summary judgment seeking to have dismissed all claims embraced in the complaint which accrued or became fixed prior to one year next preceding the filing of the complaint and the issuance of summons, as, being barred by the one year Statute of Limitations of North Carolina.

Since there was no statute under the federal Code that was applicable to threefold damages, at the time of the filing of this action, it is well established that the court must adopt the pertinent state statute. Rules of Decision Act, 1 Stat. 73, 92, as amended, 28 U.S.C. § 1652; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241.

Congress, however, on July 7, 1955, on observing the discrepancies that came about through the various applicable statutes of limitations, and the decisions of the courts thereon, in the several states, effecting a recovery,—for instance, the Tennessee statute of ten years, Code, § 2776, as is found in the Chattanooga Foundry & Pipe Works v. City of Atlanta case, above cited, and the two years statute in Illinois, S.H.A. ch. 83, § 15, as is set out in Schiffman Bros., Inc. v. Texas Co., 7 Cir., 196 F.2d 695, and the one year statute of limitations, Ky.St. § 2516, as was the holding in Northern Kentucky Telephone Co. v. Southern Bell Telephone and Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, governing actions for conspiracy as apply to treble damage suits under the Sherman Act, and many other cases of like import and sensing the need therefor, amended Sec. 4 of the Clayton Act, 15 U.S.C.A. § 15, and provided that in every cause of action by private parties under present Sec. 4 shall be forever barred, *if not commenced within four years from the time the cause of action accrues.* 15 U.S.C.A. § 15b.

The defendants in their motion contend that the one year statute of limitations is applicable.

The plaintiffs contend that the three years statute applies.

The North Carolina one year statute is as follows:

"Upon a statute, for penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a

different limitation." N.C.G.S. § 1–54, subd. 2.

The three years statute reads as follows:

"Upon a liability created by statute, other than a penalty or forfeiture, unless some other time is mentioned in the statute creating it." N.C.G.S. § 1–52, subd. 2.

The issue, therefore, in this case is whether, under North Carolina law, an anti-trust action for treble damages and a reasonable attorney's fee is an action "under the statute, for a penalty or forfeiture", or whether it is an action "upon a liability created by statute, other than a penalty or forfeiture".

This issue seemingly is one of first impression in this jurisdiction, I assume, since no decision is presented to the court in which a federal court has ruled upon the applicable statute of limitations in a private threefold damage action under the anti-trust laws. Miller Motors Inc. v. Ford Motor Co., D.C., 149 F.Supp. 790; 4 Cir., 252 F.2d 441.

 Preliminary to dealing with the applicable North Carolina statute, one must determine the nature of the plaintiff's right of action. Since this right of action arises out of the federal anti-trust statutes, it is the function of the Federal Courts to decide the point. Judge Nields in Williamson v. Columbia Gas & Electric Corp., D.C.Del., 27 F.Supp. 198, 204, affirmed 3 Cir., 110 F.2d 15, certiorari denied 1940, 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407, clearly states the rule:

"An action to recover triple damages under the federal anti-trust laws is based upon a federal statute and enforceable only in a federal court. A federal court has the power to determine the nature of the action. Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885."

Hence we must revert to the decisions of other federal courts for our answer. There we find numerous decisions which decide the nature of this statutory right of action. The majority view is that a private action for treble damages under the anti-trust laws is not an action to recover a penalty or forfeiture but rather is an action upon a liability created by statute and is in the nature of an action of tort. It is remedial and compensatory. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; City of Atlanta v. Chattanooga Foundry & Pipeworks, 6 Cir., 127 F. 23, 64 L.R.A. 721; 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Momand v. Twentieth-Century Fox Film Corp., D.C., 37 F.Supp. 649; Wolf Sales Co. v. Rudolph Wurlitzer Co., D.C., 105 F.Supp. 506; Electric Theatre Co. v. Twentieth Century-Fox Film Corp., D.C., 113 F.Supp. 937; Fulton v. Loew's, Inc., D.C., 114 F.Supp. 676; Toulmin Anti-Trust Laws, Vol. 2, page 99.

So there can be little doubt but that the applicable period in which the plaintiffs can recover is three years, and such the court holds.