Merton SHAPIRO, Bennard Shapiro, Morton J. Sablosky and Lillian Schultz, individually and trading as the Arcadia Theatre

v.

PARAMOUNT FILM DISTRIBUTING CORPORATION, Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corporation, RKO Radio Pictures, Inc., Warner Brothers Pictures Distributing Corporation, Twentieth Century-Fox Film Corporation, Stanley Warner Management Corp., William Goldman Theatres, Inc., Fox Philadelphia Building, Inc.

No. 20075.

United States District Court
E. D. Pennsylvania.
Sept. 30, 1959.

---

Nochem S. Winnet and Daniel Lowenthal, Philadelphia, Pa., for plaintiffs.

Arlin M. Adams, Louis J. Goffman, William A. Gray, John N. Schaeffer, Jr., Philadelphia, Pa., for defendants.

**2.** 15 U.S.C.A. § 15.

VAN DUSEN, District Judge.

■ The statute of limitations applicable to private suits for treble damages brought under § 4 of the Clayton Act [2] is a matter of federal law. In the absence of a federal statute, the federal courts use the appropriate statute of limitations of the state in which it is sitting.[3] This state statute does not operate of its own force but because it is adopted federal law.[4]

■ There is no federal statute which provides a limitation period for this particular anti-trust action. Congress recently enacted a statute of limitations for actions brought under § 4 of the Clayton Act, but this law did not become effective until January 7, 1956.[5] This action was commenced on January 4, 1956, against all but one of the defendants. In Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, it was held that the forerunner of 28 U.S.C.A. § 2462, which provides a limitation period for "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, * * " did not apply to a suit for treble damages under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Thus, this court must use the statute of limitations which the Pennsylvania courts would apply to a similar suit.

**3.** Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Gordon v. Loew's Incorporated, 3 Cir., 1957, 247 F.2d 451, 454.

**4.** 28 U.S.C.A. § 1652; Campbell v. City of Haverhill, 1895, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280. Also see Board of Commissioners of Jackson County, Kansas v. United States, 1939, 308 U.S. 343, 349–352, 60 S.Ct. 285, 84 L.Ed. 313.

**5.** 15 U.S.C.A. § 15b.

The defendants assert that the Act of March 26, 1785, 2 Sm.L. § 6 (12 P.S. § 44), governs this action and that any award of damages must be limited to the year preceding the commencement of this action. That Act provides as follows:

"All actions, suits, bills, indictments or informations, which shall be brought for any forfeiture, upon any penal act of assembly made or to be made, whereby the forfeiture is or shall be limited to the commonwealth only, shall hereafter be brought within two years after the offense was committed, and at no time afterwards; and that all actions, suits, bills or informations, which shall be brought for any forfeiture, upon any penal act of assembly made or to be made, the benefit and suit whereof is or shall be by the said act limited to the commonwealth, and to any person or persons that shall prosecute in that behalf, shall be brought by any person or persons that may lawfully sue for the same, within one year next after the offense was committed; and in default of such pursuit, that then the same shall be brought for the commonwealth, any time within one year after that year ended; and if any action, suit, bill, indictment or information, shall be brought after the time so limited, the same shall be void, and where a shorter time is limited by any act of assembly, the prosecution shall be within that time."

In support of their contention, defendants cite the Court of Appeals for the Third Circuit's decision in Gordon v. Loew's Incorporated.[6] In that case, the court held that a New Jersey statute of limitations governing "All actions at law brought for any forfeiture upon any penal statute * * * " [7] applied to a suit under § 4 of the Clayton Act for treble damages. An examination of the basis for the decision, however, shows that it only establishes the approach to be taken in resolving the question presented. The court pointed out in Gordon that when the federal courts employ a state statute of limitations for federal purposes, they must give it the scope and meaning that the state courts give to it in analogous suits under state law.[8] The court then referred to a recent New Jersey case which held that the state Rent Control Act, providing for treble damages in suits by a tenant against his landlord for violations of that Act, was a penal statute for statute of limitation purposes.[9] Our inquiry must, therefore, be directed to the problem of how the courts of Pennsylvania would characterize a statute similar to § 4 of the Clayton Act in applying the Act of 1785.

In Commonwealth v. Musser Forests, Inc., 1958, 394 Pa. 205, 146 A.2d 714, the Supreme Court of Pennsylvania had occasion to consider the applicability of the Act of 1785 to the Forest Tree Seedling Act, which provides that anyone who purchases trees from the Commonwealth must promise to pay a penalty of three times the value of any trees resold for ornamental use.[10] The court held that the Act of 1785 did not apply. The court cites Justice Holmes' opinion in the Chattanooga Foundry case [11] in support of its conclusion.[12] This is a clear indication that the Supreme Court of Pennsylvania would not apply the Act of 1785 to a private action under § 4 of the Clayton Act. Therefore, this court cannot apply that statute.

It has been conceded by all parties that, in the event that the Act of 1785 does not

---

6. 3 Cir., 1957, 247 F.2d 451.

7. N.J.S.A. 2A:14–10.

8. 3 Cir., 1957, 247 F.2d 451, 455; cf. Momand v. Universal Film Exchange, D.C. D.Mass.1947, 43 F.Supp. 996, 1008, 53 Col.L.Rev. 68 (1953), and 65 Harv.L.Rev. 1457 (1952).

9. Addiss v. Logan Corp., 1957, 23 N.J. 142, 128 A.2d 462.

10. 32 P.S. § 454.

11. Supra, at page 89 of 177 F.Supp.

12. 394 Pa. 205, 216, 146 A.2d 714, 719.

apply to this action, the six-year Pennsylvania statute for actions in trespass on the case [13] should be employed with respect to all defendants except Fox Philadelphia Building, Inc., and that the recent four-year federal statute [14] should be used for the latter since it was not joined as a defendant until April 26, 1956, which was after the federal statute became effective.

The contentions of counsel for defendant Twentieth Century-Fox Film Corporation were disposed of by this court in County Theatre Company v. Paramount Film Dist. Corp., D.C.E.D.Pa.1958, 166 F.Supp. 221.

Counsel for plaintiffs will submit an order consistent with this opinion within one week.