156 N.J. Super. 365 (1978)
383 A.2d 1182
NEW JERSEY CHIROPRACTIC SOCIETY, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY; DEAN A. COLLINS, D.C., LOUIS A. CUCCARO, D.C., EDWARD J.P. CURRY, D.C., NEIL L. KENNY, D.C., P.A., BRIAN A. KLAPPHOLZ, D.C., ALBERT J. ROSE, D.C., LAWRENCE J. ROSENBERG, D.C., P.A.; ANTONIA BITETTO, TERRY A. BLEISTEIN AND CHRISTINA DELLA PIETRO, INDIVIDUALLY AND AS TO THE FIRST COUNT ONLY ON BEHALF OF A CLASS, PLAINTIFFS,
v.
RADIOLOGICAL SOCIETY OF NEW JERSEY, A CHAPTER OF THE AMERICAN COLLEGE OF RADIOLOGY, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, AMERICAN COLLEGE OF RADIOLOGY, AMERICAN MEDICAL ASSOCIATION, A CORPORATION OF THE STATE OF ILLINOIS; BURLINGTON COUNTY MEMORIAL HOSPITAL, SOUTHERN OCEAN COUNTY HOSPITAL, JOHN F. KENNEDY MEDICAL CENTER, DOVER GENERAL HOSPITAL, THE HOSPITAL CENTER AT ORANGE, THE SOCIETY OF THE VALLEY HOSPITAL D/B/A THE VALLEY HOSPITAL; ATLANTIC CITY MEDICAL CENTER, THE AFOREMENTIONED HOSPITALS AND MEDICAL CENTERS INDIVIDUALLY AND AS TO THE FIRST COUNT ONLY AS REPRESENTATIVES OF A CLASS; MONMOUTH RADIOLOGISTS, P.A., HACKENSACK RADIOLOGY GROUP, P.A., ASSOCIATED RADIOLOGISTS, P.A., JAMES M. MONAGHAN, M.D., THE AFOREMENTIONED RADIOLOGISTS, RADIOLOGY GROUP AND M.D. INDIVIDUALLY AND AS TO THE FIRST COUNT ONLY AS REPRESENTATIVES OF A CLASS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 26, 1978.
*366 Mr. Edward W. Harker for plaintiffs (Messrs. Platoff, Heftler, Harker & Nashel, attorneys; Mr. Edward W. Harker, *367 Mr. Howard M. Nashel and Mr. Bruce L. Nussman on the brief).
Mr. Bruce A. Cogan and Mr. Arthur R. Schmauder for defendant American Medical Association (Messrs. Shanley & Fisher, attorneys; Mr. Arthur R. Schmauder, Mr. William H. Brooks, Mr. Bruce Cogan and Mr. Dennis M. Reznick on the brief).
Mr. H. Neil Broder, Mr. Burton L. Eichler and Mr. Reuben L. Hedlund, pro haec vice, for defendants Radiological Society of New Jersey, American College of Radiology, Monmouth Radiologists, P.A., Hackensack Radiology Group, P.A., Associated Radiologists, P.A., and James M. Monaghan, M.D. (Messrs. Brach, Eichler, Rosenberg & Silver, attorneys; Mr. Burton L. Eichler and Mr. H. Neil Broder on the brief).
No appearance for defendant Atlantic City Medical Center (Messrs. Smith, Stratton, Wise & Heher, attorneys).
Mr. Robert M. Dangel for defendants Burlington County Memorial Hospital and Southern Ocean County Hospital (Messrs. Haines, Schulze, Wood & Tapper, attorneys).
Mr. Steven G. Sepaniak for defendant Dover General Hospital (Messrs. Schenck, Price, Smith & King, attorneys).
Ms. Susan I. Littman for defendants the Society of the Valley Hospital and the Hospital Center at Orange (Messrs. Riker, Danzig, Scherer & Debevoise, attorneys).
Mr. Stephen L. Abbott for defendant John F. Kennedy Medical Center (Messrs. Toolan, Romond, Abbott & Domenichetti, attorneys).
*368 KENTZ, J.S.C.
This is an action based in part upon alleged violations of the New Jersey Antitrust Act, N.J.S.A. 56:9-1 et seq.[1] Plaintiffs consist of the New Jersey Chiropractic Society, a nonprofit corporation (Society), seven individual chiropractors who allegedly are members of the Society, and three individual persons who allegedly are consumers of the services of the chiropractors (consumers). The defendants include the Radiological Society of New Jersey, a local medical society; the American Medical Association, a national medical society; seven hospitals and three professional corporations, all providing radiological services, and one individual radiologist. Some of the defendants are engaged in the practice of medicine and surgery and deal specifically with the science of x-rays of the human body.
Plaintiffs have alleged, among other things, that defendants have combined and conspired to monopolize trade and commerce in the delivery of health care services for ailments treatable by both chiropractors and doctors of medicine and surgery, i.e., radiologists. Consumers contend that defendants have impeded their free choice of health care by refusing to provide diagnostic x-rays to consumers referred by chiropractors and to release x-rays to such chiropractors.[2] For the alleged antitrust violations, plaintiffs are seeking both damages and injunctive relief.
The issues now before the court are whether (1) the Society has standing under the New Jersey Antitrust Act, and (2) Consumers have standing under this act.
*369 Under the holding of New Jersey Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc., 144 N.J. Super. 411, 425-426 (Ch. Div. 1976), and for the reasons stated therein, I conclude that the New Jersey Chiropractic Society lacks standing under N.J.S.A. 56:9-12(a) to assert a cognizable antitrust claim. Accordingly, the complaint of the Society as to the antitrust claims is dismissed with prejudice.
The standing of individual consumers to assert an antitrust claim is a novel issue in this State. The New Jersey Antitrust Act requires that its provisions "be construed in harmony with ruling judicial interpretations of comparable Federal antitrust statutes." N.J.S.A. 56:9-18; see New Jersey Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc., supra at 425; Clairol, Inc. v. Cosmetics Plus, 130 N.J. Super. 81, 94 (Ch. Div. 1974); Kugler v. Koscot Interplanetary, Inc., 120 N.J. Super. 216, 237-238 (Ch. Div. 1972). However, there is not a uniform rule of law regarding standing under § 4 of the Clayton Act, 15 U.S.C.A. § 15 (1970)  the federal antitrust statute comparable to N.J.S.A. 56:9-10, 12. See Comment, "Private Plaintiff's Standing under Clayton Act Section 4: Clothing the Naked Emperor," 7 Seton Hall L. Rev. 588, 588, 609-610 (1976). This fact leaves this court with considerable latitude in interpreting its own state statute so long as the decisions of this State are as uniform as practicable. See N.J.S.A. 56:9-18.
In New Jersey Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc., supra, the only prior decision in this State on antitrust standing, the court held that the New Jersey Antitrust Act "expressly requires an injury to business or property of the plaintiff" in order that such plaintiff be a proper party to bring the antitrust action. Id. 144 N.J. Super. at 425-426. The Hillman-Kohan decision was limited to the question of standing of a nonprofit corporation which neither did business nor had any property right that could have been injured by an antitrust violation. Id. at 426.
*370 In this case consumers claim that they are required to make unnecessary expenditures to engage the services of a doctor of medicine to take x-rays, as a result of the alleged conspiracy of defendants to monopolize trade in this area of health care. Plaintiffs are alleging an injury to their "property," rather to any "business." Both the federal and state statutes use the words "business or property" in the disjunctive. See 15 U.S.C.A. § 15 (1970); N.J.S.A. 56:9-10, 12. In its interpretation of the federal statute the court in Waldron v. British Petroleum Co., 231 F. Supp. 72, 86 (S.D.N.Y. 1964) stated:
The statute explicitly uses the words "business or property" in the disjunctive. Congress intended this distinction to be meaningful. The word "property" has wider scope and is more extensive than the word "business." Less is required to prove "property" than to prove "business."
The statute does not set up a qualitative or quantitative test to determine the existence of "property." Nor does the statute contain a built-in definition.
The word "property" is, in a sense, a conclusory term, i.e., an interest which the law protects. A determination whether plaintiff has "property" involves a value judgment as to whether that which plaintiff factually posseses should be legally protected. If it be decided that the rights, privileges and powers possessed by plaintiff should receive judicial sanction, that conclusion would be expressed by declaring that plaintiff possesses "property." [Footnote omitted]
Furthermore, in Cleary v. Chalk, 159 U.S. App. D.C. 415, 488 F.2d 1315 (D.C. Cir.1973), the court noted that "`[a] person whose property is diminished by a payment of money wrongfully induced is injured in his property,'" under the Clayton Act, § 4. Id. 159 U.S. App. D.C. at 419, 488 L.2d at 1319 n. 17 (quoting from Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 396, 27 S.Ct. 65, 66, 51 L.Ed. 241 (1906)). The Cleary court found this "injury to property" principle as equally applicable to a consumer of services as to a consumer of goods, 159 U.S. App. D.C. at 419, 488 F.2d at 1319, n. 7.
*371 Using these federal guidelines, this court finds that consumers have suffered injury to their "property" as used in N.J.S.A. 56:9-10, 12, by reason of defendants' conduct in wrongfully inducing plaintiffs to expend more for x-rays.
The last issue to be addressed is whether consumers' property was injured "by reason of" defendants' alleged antitrust violations. Examination of the allegations in the complaint reveals that consumers were injured in their property as a direct result of defendants' insistence upon the administration of x-ray by doctors of medicine. As was stated in Malamud v. Sinclair Oil Corp., 521 F.2d 1142, 1152 (6 Cir.1975), "[t]he antitrust laws were enacted to preserve competition and thereby to protect the individual plaintiff and the consuming public from the effects of any combinations or conspiracies in restraint of trade." (Emphasis supplied). Clearly, consumers in this action have properly asserted claims which come within the ambit of the New Jersey Antitrust Act and their alleged claims were "by reason of" defendants' conspiracy.
Accordingly, this court holds that consumers have standing under N.J.S.A. 56:9-10, 12 to assert their antitrust claims.
NOTES
[1] For a recent analysis of this act and the expanding body of case law thereunder, see Comment, "New Jersey Antitrust Law: An Overview," 2 Seton Hall Legis. J. 134 (1977).
[2] The court notes the recently enacted law which authorizes payments to licensed chiropractors performing diagnostic x-rays as part of the benefits of a medical service corporation. L. 1977, c. 297, § 3 (approved Dec. 15, 1977), to be codified at N.J.S.A. 17:48A-3. Implicit in this statute is the right and ability of chiropractors to take diagnostic x-rays.