S. GARY THOMSON a/k/a GARY THOMSON, Plaintiff

v.

ZURICH CORPORATION and GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 447/1979

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

October 4, 1979

ELLEN G. DONOVAN, ESQ., Christiansted, St. Croix, *for plaintiff*

TODD H. NEWMAN, ESQ., Christiansted, St. Croix, *for Zurich*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Defendant, Zurich Corporation,[1] moves the court, pursuant to Rule 12 F.R.C.P., for a dismissal of plaintiff's complaint on the ground that plaintiff lacks capacity to sue. Although Zurich's motion is couched in terms of lack of jurisdiction, the court will treat it as a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted. Klebanow v. New York Produce Exchange, 344 F.2d 294 (1965).

The complaint alleges an infringement of a common law trade name. In substance, plaintiff claims that he adopted and has continually used the trade name "Tivoli Gardens" since he purchased it as a part of his business in September, 1975; that he discovered that defendant caused the name "Tivoli Gardens" to be registered in the Office of the Lieutenant Governor, pursuant to the provisions of 11 V.I.C. § 1201; and that, thereafter, plaintiff's efforts to register the trade name have been thwarted by defendant's prior registration.[2] Defendant contends that plaintiff is barred from maintaining this action by the provisions of 11 V.I.C. § 1212 because he has failed to register his trade name.

I cannot concur for the reasons set forth, infra.

Several sections of Chapter 21 of Title 11 of the Virgin

---

[1] The Government of the Virgin Islands is also named as a party defendant in this litigation. The disposition of this motion, however, does not affect the claim against the Government.

[2] The pertinent paragraphs of the complaint follow:

"3. Plaintiff adopted the trade name 'Tivoli Gardens' when it purchased the restaurant business 'Tivoli Gardens' on or about September 26, 1975, and has been in business under that name continually since that date. A copy of the Bill of Sale is attached hereto made a part hereof and identified as Exhibit 'A'."

"6. Upon information and belief, on or about February 17, 1978, Defendant registered the trade name Tivoli Gardens with the Government of the Virgin Islands. A copy of the said application for registration is attached hereto and made a part hereof and identified as Exhibit 'B'."

"8. Plaintiff has attempted to register the trade name with the Virgin Islands Government and has been refused because of Defendant's prior registration. Said refusal is attached hereto and made a part hereof and identified as Exhibit 'D'."

Islands Code are pertinent to the factual situation with which the court is presented. Section 1201 of that title directs the filing of trade names with the Office of the Lieutenant Governor "within 5 days prior to the commencement of business," and section 1204 prohibits the registration of any trade name which is the same as or similar to a trade name already in use in the Virgin Islands. Section 1212 provides, in pertinent part, that:

A person, copartnership, association or corporation required by the provisions of this chapter, to file a certificate and pay a registration fee, and failing to do so may not commence or maintain any action in any court of the Virgin Islands for the enforcement of any right or obligation arising out of the doing of business in the Virgin Islands;

At first blush, it appears that the registration required by section 1201 creates a condition precedent to the institution and maintenance of a suit. Upon enlightened reflection, however, the fallacy of this position in this factual situation is seen.

A comprehensive search for the legislative history of Chapter 21 has disclosed neither its source nor any recorded legislative discussion or debate relating to its purposes at the time of enactment. No cases within the Virgin Islands have been cited by either party which control as to the application of the appropriate sections, and the court's research has been equally unavailing. I must, therefore, look to other sources to aid in the interpretation of the statutes and determination of the mechanics of their application.

This court has looked to Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518 (1973), for guidance. While it is not directly on point, the issue decided appears to bottom on the same constitutional principles which should and must be here applied.

The plaintiffs in Cirino alleged that defendants were

liable under the theories of negligence and strict liability for damage to personal, business and real property caused by an explosion. Plaintiff corporations had not filed and paid their annual franchise taxes as required by statute. Notwithstanding 13 V.I.C. § 533(a) which provides that, "No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due . . . ,"[3] the District Court permitted plaintiffs to bring suit. The court reasoned that denying redress in the courts for damages to property because of failure to pay franchise taxes would amount to an unconstitutional confiscation of property, and restricted the application of the statute to those actions sounding in contract.

■ Claims arising out of the alleged usurpation of a trade name do not sound in contract. On the contrary, they arise out of the alleged acts of a party which may be likened to any other unlawful conversion. This category of claim, in the view of this court, sounds in tort.

■■ Trade names are property which must be protected as such, Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 51 L.Ed. 241, 27 S.Ct. 65 (1906). If property rights in a trade name are to be adequately protected, access to the courts cannot be denied on the basis of the aggrieved party's failure to register its name, especially where that party's registration was precluded by registration of the name to the alleged infringer. Accordingly, I hold that section 1212 cannot be applied to actions brought for trade name infringement.

■■ This determination gives section 1212 a construction, enforceable within the parameters of the Constitution, which is clearly comprehended within the language of the statute. Section 1212 forbids bringing suit to enforce any right or obligation, "arising out of the doing of busi-

---

[3] Note the similarity of language in this section and in 11 V.I.C. § 1212.

ness . . .". Trade names are not created by the transaction of business. The right to use a particular name as a trade name belongs to the one who first appropriates it and uses it in connection with a particular business. 74 Am.Jur.2d, Trademarks and Tradenames, § 12.

■ The appropriation or adoption step in the acquisition of a trade name distinguishes the right from the category of rights which arise out of the doing of business, such as rights arising on book account, quantum meruit, or breach of contract, and places it in the category of property rights to which section 1212 cannot apply.

For the reasons set forth above, the court finds that plaintiff has capacity to sue. If he has a meritorious claim, he must be given the opportunity to present it. Accordingly, the motion to dismiss is denied.

### ORDER

For the reasons set forth in the Memorandum Opinion entered on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss be and the same hereby is denied.