## SHELTON ELECTRIC CO. v. VICTOR TALKING MACH. CO.

(District Court, D. New Jersey. January 4, 1922.)

Limitation of actions ⬤⟹35(1)—Two-year limitation against forfeiture does not bar recovery under anti-trust laws.

The New Jersey statute of limitations (3 Comp. St. 1910, p. 3170, § 21), barring actions for penalty or forfeiture upon any statute in two years, does not bar an action under the federal anti-trust laws (Comp. St. § 8820 et seq.) to recover treble damages for an alleged unlawful restraint of trade, since such recovery is not a forfeiture or penalty but is to recover damages for an injury inflicted.

At Law. Action by the Shelton Electric Company against the Victor Talking Machine Company to recover treble damages by reason of an alleged unlawful restraint of trade. Defense interposing the bar of limitations overruled.

Frank E. Williamson, of Jersey City, N. J. (Arthur C. Fraser, of New York City, and Edgar W. Hunt, of Trenton, N. J., of counsel), for plaintiff.

Louis B. Le Duc, of Camden, N. J. (George W. Schurman, of New York City, John D. Myers, of Camden, N. J., and Allen S. Hubbard, of New York City, of counsel), for defendant.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BODINE, District Judge. The present action is brought to recover damages by reason of an alleged unlawful restraint of trade. The complaint contains two counts. The first charges that certain specific acts have been done "contrary to and in contravention of the anti-trust laws of the United States," and the concluding clause demands treble damages in addition to the attorneys' fees and costs, "as authorized by law in such case made and provided."

The second count contains no reference to the anti-trust laws of the United States or to the provisions of the laws of the United States. As to the first count, the defendant has interposed the bar of the statute of limitations as contained in section 21 of the Compiled Statutes of New Jersey 1910, pp. 3170, 3171, which, so far as pertinent, is as follows:

"* * * All actions on informations which shall be brought or exhibited for any forfeiture or cause upon any statute made or to be made, the benefit and suit whereof is or shall be limited or given to the party aggrieved, shall be brought or exhibited within the space of two years, next after the offense committed or to be committed, or cause of action accrued and not after"

—the contention being that this statute operates so as to bar actions, both penal and nonpenal, for any cause upon any statute.

The statute in question in its present form is to be found in section 15 of the Engrossed Statutes of 1799. The title of the act was "An act for the limitation of actions." The act is first printed in the Session Laws for the year 1798–99, pp. 456 and 459. Opposite the portion of the statute in question appears this marginal note, "Actions for forfeiture to the party aggrieved limited to two years." In the Patterson Compilation of 1800 (page 354) the act appears with marginal notes merely at the side of the first part of the section as follows, "Within what time actions or information on penal statutes shall be brought or exhibited."

The marginal notes add nothing to the construction of the act because not contained in the act, as engrossed, and undoubtedly, added as is the present practice, by the person preparing the laws for printing as an aid to the bar and in the preparation of the index.

The portion of the statute cited seems not to have met with judicial construction, although in Boswell v. Robinson, 33 N. J. Law, 273, and in McLaren v. McVicar, 41 N. J. Law, 271, the earlier portions of the section were considered by the courts.

Mr. Chief Justice Beasley, in Cowenhoven v. Board of Freeholders, 44 N. J. Law, 232, held that a common pleas judge, seeking to recover fees allowed him by statute, was not barred by the six years' limitation. In Jersey City v. Sackett, 44 N. J. Law, 428, the same justice, sitting in the Court of Errors and Appeals, affirmed the same doctrine with a unanimous court, holding that a suit for damages awarded under a statute for the laying out of a public street was not barred by the six-year statute of limitations. The action was on a statute, and would certainly have been barred by the two-year statute of limitations, if the construction contended for by the defendant in this case had been interposed at that time. See, also, McFarlan v. Morris Canal & Bank-

ing Co., 44 N. J. Law, 471; Outwater v. City of Passaic, 51 N. J. Law, 345, 18 Atl. 164. From these decisions, it is more than apparent that neither the bench, nor the eminent lawyers of this state engaged in these cases, recognized the two years' limitation as barring possible recovery on a statutory action, where the damages to be recovered were conferred upon a private individual as compensation for the injury which he had sustained.

Prior to the act of 1799, the Provinces of New Jersey had enacted the then existing English statutes of limitation (Session Laws 1727–28, p. 25). The entire act (Session Laws 1798–99, p. 456) shows its comprehensive extent. Actions of every kind and nature are subjected to periods of limitation—actions of debt, actions on the case, actions on bonds, and every other form of action are dealt with. In section 15, now section 21, the Legislature limited, first, actions for forfeiture on penal statutes where the recovery was limited to the state and then those limited to the state and an informer, and lastly those actions for a forfeiture or cause upon any statute limited to the person aggrieved. The later part of the section is controlled by the earlier portions and is no more than a bar to actions for a forfeiture or in the nature of a forfeiture where the action is instituted by the party aggrieved.

The course of decisions in this state, the history of the Legislature, and the language of the act, indicate that an action such as the present is not subject to the two-year limitation. At common law, the person injured by an illegal restraint in trade had a right of action. Standard Oil Co. v. United States, 221 U. S. 1, 49 to 64, 31 Sup. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734; Western Union Tel. Co. v. Call Publishing Co., 181 U. S. 92, 21 Sup. Ct. 561, 45 L. Ed. 765, and it is upon such unreasonable restraint that the second count of the complaint is predicated. The treble damages, which the complaint seeks to recover, are neither a penalty or a forfeiture, but merely treble damages allowed by the law for the redress of a private injury. Chattanooga Foundry Co. v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241.

The case is, however, I think, controlled by Thomson v. Clanmorris (1900) 1 Chancery, 718. In that case, a shareholder brought a suit to recover damages by reason of untrue statements contained in a company prospectus. A right of action for such misstatements was given by section 3 of the Directors' Liability Act of 1890. The pertinent portion of the statute of limitations invoked provided a bar for "all actions for penalties, damages or sums of money given to the party grieved by any statute," and the court held that the limitation did not apply, for the reason that the statute merely gave a new action on the case to those persons who had been injured by the neglect of a statutory duty.

The pertinent reasoning of Master of the Rolls Lindley is as follows:

"In construing s. 3 of the act of 1833, as indeed in construing any other statutory enactment, regard must be had not only to the words used, but to the history of the act, and the reasons which led to its being passed. You must look at the mischief which had to be cured as well as at the cure provided. and when we look at the state of the law before the act of 1833 we can see

pretty plainly what was the mischief at which it was aimed. There were certain causes of action as to which there was no defined time of limitation. Some of them are enumerated in the earlier part of s. 3; for instances, 'actions of debt upon any bond or other specialty,' and others which are there mentioned. They were not provided for by the then existing statutes of limitations, and they are brought in. That was the first defect. There was another class of actions as to which there was no definite limitation of time, namely, 'actions for penalties, damages or sums of money given to the party grieved' by various acts of Parliament, by way of penalty or punishment; not by way of compensation to the person injured, but where * * * punishment was the object; and where the money to be paid, whether it was called penalty, or damage or sum of money, was not assessed with the view of compensating the plaintiff, although he might put some of it in his pocket. That is the class of action which was contemplated by the latter part of s. 3. In other words, they were what are popularly called 'penal actions.' We arrived at this from the history of the act, and from a knowledge of the then state of the law and the defect which was to be cured."

The defense is overruled.