**PRESTON v. ARON–DREX REALTY INC.**

Civ. A. 13361.

United States District Court
E. D. Pennsylvania.

June 6, 1952.

Henry & Griffiths, Philadelphia, Pa., for plaintiff.

Reilly & Pearce, Upper Darby, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is an action brought under Title 38 U.S.C.A. § 694c–1 by a veteran to recover the sum of $2,175, being three times the amount charged in excess of the approved appraised value of a house purchased by him through the defendant's agency.

The violation occurred in 1948, at which time there was no statute in effect giving either the veteran or the United States the right to sue for refund of the overcharge, either single or treble.

The statute under which this action was brought was enacted September 13, 1951, and provides "Whoever knowingly * * * participates in a sale * * * to a veteran for a consideration in excess of the reasonable value of such property * * * shall * * * be liable for three times the amount of such excess consideration * * *. In the event the veteran shall fail to institute any action * * * within thirty days * * * the Attorney General * * * may proceed therewith * * *."

I am of the opinion that the statute should not be given a retrospective effect, for the reason that to do so would make it a violation of Article 1, Section 9 of the Constitution, as an ex post facto law.

The decision of the Court of Appeals for the Third Circuit in Porter v. Montgomery, 163 F.2d 211, makes it clear that the provision for recovery of three times the amount of overcharge by the United States is a penal provision and, as such, ex post facto if construed to apply to offenses committed before its passage. The conclusion that Congress understood it as penal is somewhat strengthened by the last paragraph that "The remedy provided in this section shall be in addition to any and all *other penalties* imposed by law." True, a suit by a veteran, at least so far as a recovery limited to the excess is concerned, is not penal under the rule of Porter v. Montgom-

ery, supra, but, if Congress intended one part of the statute to be retrospective and another prospective, there should be some indication of it in the Act. There is nothing in the statute that shows an intention that any part of it should be construed retrospectively. In fact, the natural and ordinary rule of prospective construction is indicated.

The motion to dismiss is granted.