20 N.J. Super. 226 (1952)
89 A.2d 491
EDWARD FIELDS, PLAINTIFF,
v.
ROXIE SMITH, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided June 13, 1952.
*227 Mr. Charles A. Stanziale (Mr. Louis C. Micone appearing), attorney for the plaintiff.
Mr. Robert C. Gruhin, attorney for the defendant.
COLIE, J.S.C.
This is the return day of a motion to strike an answer and enter summary judgment for the plaintiff. The suit is one for rent overcharges and treble damages under the appropriate federal statute. There is also pending a motion addressed to interrogatories propounded by the defendant.
The motion to strike the answer and enter summary judgment for the plaintiff will be dismissed in this court. In Zuest v. Ingra, 134 N.J.L. 15 (E. & A. 1946), the court held that the District Court had no jurisdiction in the type of overcharge rent case then before the court and the reasoning of the court was that the suit was one for a "penalty," which under New Jersey law might not be entertained by the District Court. However, since that decision of the Court of Errors and Appeals the Federal Congress has amended the applicable statute, "Housing and Rent Acts," 50 U.S.C.A. Appendix, § 1895, and eliminated the "penalty" and provided therein that the treble damages are not a "penalty" but are "liquidated damages." This being so, it being necessary to assume that the Congress had in mind the meaning of the words which it used, I hold that as a matter of law the treble damages are not a penalty but are liquidated damages.
If my view of the situation is sound then the prohibition against bringing such a suit in the District Court is no longer valid, and subject to the jurisdictional limits of the District Court, a suit for treble damages or liquidated damages may now be entertained in the District Court.
For those who wish to examine further into the rationale prompting this decision, reference is made to an illuminating *228 and thoughtful article by Victor H. Miles, Esq., in the New Jersey Law Journal of December 6, 1951.
The motion to strike the answer and enter summary judgment is denied without prejudice to a renewal of same in the District Court in the event the case is removed to that court.