FLORIDA WHOLESALE DRUG, Inc. v. RONSON ART METAL WORKS, Inc.

Clv. A. No. 945–51.

United States District Court
D. New Jersey.

Feb. 11, 1953.

---

Charles Handler, Newark, N. J., for plaintiff.

Greene & Hellring, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

Plaintiff, Florida Wholesale Drug, Inc., a Florida corporation, has sued defendant, Ronson Art Metal Works, Inc., a New Jersey corporation, for treble damages under the Sherman Act, as amended by the Clayton Act, 38 Stat. 731, Title 15 U.S.C.A. § 15, alleging that plaintiff has been "injured in his business or property by" defendant's monopolizing interstate commerce, by price discrimination in violation of the Robinson Patman Act, 49 Stat. 1526, Title 15 U.S.C.A. § 13. Defendant has pleaded thereto the statutes of limitation of both New Jersey and Florida. Plaintiff moves to strike such defenses.

■ Since the Clayton Act is a Federal statute, a Federal statute of limitations would primarily apply. But no such limitations appear in the Clayton Act, and the only general Federal statute apparently similar, that covering a "proceeding for the enforcement of any civil fine, penalty, or forfeiture", 28 U.S.C. § 2462 (1948) has been held, as to its similar predecessor, in Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 397, 27 S.Ct. 65, 66, 51 L.Ed. 241, not to apply, on the ground that a treble damage suit is not a "suit for a penalty", under the leading case of Huntington v. Attrill, 1892, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

■ Thus, due to the silence of the United States statutes, the matter is left to the local law by the Rules of Decisions Act, 28 U.S.C. § 1652 (1948), and the Chattanooga case, supra.

■ The question then is whether the statute of limitations of New Jersey or of Florida should apply, under the principles of conflicts of law. While the cause of action here arose in Florida, where the price discrimination is alleged to have occurred, or at least where the loss of customers and of profits therefrom occurred, the forum is New Jersey. It is well settled that, barring a single situation hereafter alluded to, it is the law of the forum which thus controls. Thus, "If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose". Restatement, Conflict of Laws, Sec. 603 (1934). Again, "If action is not barred by statute of limitations of the forum, an action can be maintained, though action is barred in the state where the cause of action arose". Id. Sec. 604. An exception is where State A has created a cause of action, as by statute, and has by such statute placed a limitation on the life of that right. Thus, after that statutory right has expired, nothing remains on which to sue, in A or any other state. In that event, the limitation law of the forum does not override the limitation of the law of origin. Id. Sec. 605.

Since the cause of action here was created, not by Florida, but by the Federal Government, there is no ground whatever for the applicability of the Florida statutes, under any theory; it being the statutes of limitation of New Jersey alone which, if any, apply. Defendant's argument to the contrary, based upon Order of United Com-

mercial Travelers of America v. Wolfe, 1947, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687, is incorrect. That case involves a different situation, in which the Court applies, by analogy, the above exception to the general rule. In fact, the United States Supreme Court in that case expressly affirmed the general conflicts of law principle Restatement Sections 603 and 604, Id. at 607.

■ Thus, for any time bar to this treble damage suit, we must look to the New Jersey limitations statute only. Furthermore, because of the failure of Congress to state a limitation on this treble damage proceeding, this Court must now determine, not its own viewpoint as to what New Jersey limitation statute is applicable, but what the New Jersey State courts would decide was the New Jersey limitation statute applicable to this Federal statutory proceeding. Chattanooga, supra. Hoskins Coal Co. & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912; Schiffman Bros. v. Texas Co., 7 Cir., 1952, 196 F.2d 695; Bauserman v. Blunt, 1893, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Reid v. Doubleday and Co., Inc., D.C.N.D.Ohio, 1952, 109 F.Supp. 354; Christensen v. Paramount Pictures, D.C.Utah, 1950, 95 F. Supp. 446.

Although we here bear in mind that according to Chattanooga, this Federal statutory proceeding, on the character of which the Federal courts must primarily pass, is not a "suit for a penalty" under the Federal limitation statute. Thus it must be shown that the view of the state courts as to a penalty, differs radically from the view of the Federal courts in that regard, before a state penalty limitation statute can be found applicable to this Federal nonpenal proceeding.

However, no New Jersey State courts have apparently ever passed on this question. And, as Judge Learned Hand has aptly said, "As always, it is embarrassing to have to pass upon the law of a state whose courts have not decided the question. * * * We are then forced to prophecy", Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134, 139—an obviously hazardous occupation.

■ On the other hand, Federal Courts, both of this district and of this circuit, have directly passed on this question. In Shelton Electric Company v. Victor Talking Machine Company, D.C.N.J.1922, 277 F. 433, this very Court held inapplicable to such a proceeding as that at bar, the predecessor of the two-year New Jersey limitation statute covering an "offense committed * * * when the benefit of the forfeiture and the action therefor is * * * given to the party aggrieved". N.J.S. 2A:14–10, subd. b, N.J.S.A. As the opinion in such case shows, this Court there made a careful analysis of many New Jersey State court decisions, and reached the conclusion therefrom, and from a consideration of the predecessor English statute, that the New Jersey statute was intended to cover penal actions or forfeitures, from which a treble damage proceeding under the Sherman Act differed widely. Thereafter, the Court of Appeals of this circuit decided Jaeger Research Laboratories v. Radio Corporation of America, 3 Cir., 1937, 90 F.2d 826. The opinion therein, in turn, cited Shelton, and held applicable the six-year New Jersey statute of limitations. N.J.S. 2A:14–1, N.J. S.A. Ordinarily, this decision should conclude this Court.

However, both plaintiff and defendant press the point that several decisions of New Jersey State courts, subsequent to both Shelton and Jaeger, have indicated a change of viewpoint by the New Jersey State courts from that found to exist in Shelton and Jaeger. We must therefore consider such later New Jersey decisions in the light of such contentions, differing though they be in result.

This Court has had reference, not only to the above decisions in Shelton and in Jaeger, but to the briefs filed in the latter case. Therefrom it appears that, in Jaeger, the Court had before it practically every New Jersey State court decision, on which counsel now rely, save Cole v. Brandle, E. & A.1940, 127 N.J.Eq. 31, 11 A.2d 255, 129 A.L.R. 1250 and Miller v. Board of Chosen Freeholders, App.Div.1951, 16 N.J.Super. 457, 84 A.2d 746, relied on by plaintiff; and Zuest v. Ingra, E. & A.1946, 134 N.J.L. 15, 45 A.2d 810 and Ryan v. Motor Credit

Corp., Ch.1941, 123 N.J.Eq. 531, 23 A.2d 607, affirmed E. & A. 1942, 132 N.J.Eq. 398, 28 A.2d 181, the latter two being relied on by defendant. As to all these earlier New Jersey decisions, the Court, in Jaeger, says [90 F.2d 828]: "we have not overlooked the decisions of the courts of New Jersey, which it is urged constrain a decision to the contrary. Without discussing and differentiating such cases, we find no case which presents the question here involved."

Turning now to Cole and Miller, the later cases on which plaintiff relies, we find these decisions essentially the same as those of the earlier New Jersey cases, of which Jaeger thus disposes. Furthermore, in Cole, the highest court of New Jersey approves of Shelton, the decision of this court holding the two-year New Jersey statute inapplicable. Again, Shelton, in turn, is approved by Jaeger, holding the six-year New Jersey statute applicable. It is thus apparent that the New Jersey State court decisions following the decision in Jaeger, do not support plaintiff's contention that there was a change, after Jaeger, in the principle announced therein.

We turn to Zuest and Ryan, on which defendant relies, in support of his contention that, despite Shelton, the above two-year New Jersey statute of limitations, covering penalties or forfeitures, applies. As to Ryan, in the first place, this case involves, not a treble damage proceeding under the Clayton Act, but a proceeding under the New Jersey Small Loan statute, P.L. 1932, p. 109, N.J.S.A. 17:10–1 et seq. (1950) a radically different situation, not involving treble damages in any wise. In the next place, the penal effect of the Small Loan statute, the point on which defendant relies, is not even alluded to by the Court of Errors and Appeals, with whose viewpoint this Court is primarily concerned. That point is discussed solely in the decision of the Court of Chancery, and is expressly stated to be but one of two grounds for Chancery's decision. However, on appeal, the Court of Errors and Appeals omits any allusion whatever to the penal effect of the Small Loan statute, its decision resting solely on the other ground on which Chancery relied—"clean hands". This might well indicate that the highest New Jersey court disagreed with the very Chancery holding on which defendant here relies.

Turning to Zuest, this case involved, not the Clayton Act, but the Federal Rent Control statute, 50 U.S.C.A.Appendix, § 1891 et seq. (1951). However, while the Rent statute permits a treble damage recovery to the party aggrieved, as does the Clayton Act, it differs much from the treble damage suit at bar, in that, contrary to the Clayton Act, the Rent Control statute, under certain conditions, permits the recovery of treble damages by the Government itself. Id. 1895(c). This obviously makes the treble damage proceeding under the Rent Control statute much more penal in nature than the proceeding at bar, under well settled principles set forth in Huntington v. Attrill, supra, 146 U.S. at page 668, 13 S.Ct. at page 228, as follows: "The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual". Since the Rent Control statute thus clearly involved a wrong to the public, the New Jersey courts might properly consider it penal, but not consider at all penal the treble damage proceeding here, which granted no such remedy to the public, represented by the Government.

Furthermore, subsequent to the Zuest decision, Congress amended the Rent Control Act to provide that treble damages, instead of being penal, should be considered "liquidated damages." Thereafter, a New Jersey court accepted the changed Federal viewpoint as to this Federal statute, and held such act to be penal no longer. Fields v. Smith, County Ct.1952, 20 N.J.Super. 226, 89 A.2d 491. Since the New Jersey State courts thus readily accepted the Federal viewpoint as to this Federal statute, would they not also be apt to accept the Federal viewpoint as to the treble damage provision in the Clayton Act? This, as we have seen above, clearly is that such proceeding is not penal in character. Chattanooga, supra.

**1.** See Burnham Chemical Co. v. Borax Consolidated, 9 Cir., 1948, 170 F.2d 569; Winkler-Koch Engineering Co. v. Universal Oil Prod. Co., D.C.S.D.N.Y.1951, 100 F.Supp. 15; Hansen Packing Co. v. Swift & Co., D.C.N.Y.1939, 27 F.Supp. 364; Dipson Theatres v. Buffalo Theatres, D.C.N.Y.1948, 8 F.R.D. 86; Momand v. Universal Film Exchange, D.C. Mass.1942, 43 F.Supp. 996; Christensen v. Paramount Pictures, D.C.Utah 1950, 95 F.Supp. 446; Reid v. Doubleday & Co., Inc., D.C.N.D.Ohio 1952, 109 F. Supp. 354; Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912; Schiffman Bros. v. Texas Co., 7 Cir., 1952, 196 F.2d 695.

Again, while the decisions throughout the United States differ on the point in question, because both of the differing State statutes and the differing viewpoints on them of the different State courts, the great weight of authority is to the effect that the treble damage provision of the Clayton Act is not penal, and that a State statute of limitations covering penal actions is therefore inapplicable. Such has been the construction of the courts as to the statutes of California, Kansas, Montana, New York, Oklahoma, Utah and Ohio. To the contrary, Illinois stands almost alone in its extremely broad construction of this somewhat uncertain term "penal" or "penalty".[1]

 With all this weight of both reason and authority, in accord with the earlier decisions of both this Court and the Court of Appeals of this circuit, small weight can be given to the words of these few recent decisions dealing with distinguishable statutes, as indicating any change in viewpoint by the New Jersey State courts since 1940, when the New Jersey Court of Errors and Appeals, in Cole, approved the decision of this Court in Shelton. Least of all, is such a mere possibility sufficient to justify this Court in departing from the determination of that court, whose decisions control this court.

No special circumstances are presented, such as fraudulent concealment by defendant, which would justify applying the statute of limitations from the time plaintiff had knowledge of damage, rather than from the time the damage was sustained. This last is the general rule in private anti-trust suits, as well as in ordinary litigation. Bluefields S. S. Co. v. United Fruit, 3 Cir., 1917, 243 F. 1; Momand v. Universal Film Exchange, 1 Cir., 1948, 172 F.2d 37; Foster & Kleiser Co. v. Special Site Co., 9 Cir., 1936, 85 F.2d 742. An order may therefore

be presented denying plaintiff's motion to strike the defense based on the New Jersey six-year statute of limitations, but granting plaintiff's motion to strike the defenses based upon the several other statutes of limitation of both New Jersey and Florida.