**William Lee FARRIS and Helen Sue Farris et al., Plaintiffs,**

v.

**SAN DIEGO FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, Delta M. Boren, etc., et al., Defendants.**

**Civ. No. 1621.**

United States District Court
S. D. California, S. D.

Feb. 29, 1956.

---

Sankary, Sankary & Weathers, Huntington P. Bledsoe, San Diego, Cal., for plaintiffs.

Sloane & Fisher, San Diego, Cal., for defendant Delta M. Boren.

Frank Pomeranz, San Diego, Cal., for defendant Clifford O. Boren.

MATHES, District Judge.

This cause having come before the court for hearing on defendants' motions, filed December 1, 1955, for (1) judgment on the pleadings, Fed.R.Civ. Proc. Rule 12(c), 28 U.S.C.A., or (2), in the alternative, for summary judgment of dismissal, id., Rule 56(b); and the motions having been argued and submitted for decision; and it appearing to the court:

(a) that plaintiffs are veterans and commenced this action on June 8, 1954, invoking the jurisdiction of this court under 38 U.S.C.A. § 694c–1 to recover "three times the amount of * * * excess consideration" alleged to have been charged them for their homes over and above "the reasonable value of such property as determined by proper appraisal", 65 Stat. 320, September 13, 1951;

(b) that it is conceded all sales were made, and all claimed overcharges alleged in plaintiffs' complaint and relied upon by plaintiffs as the basis of this action were included in promissory notes executed by plaintiffs, prior to June 1, 1951, and so prior to enactment of 38 U.S.C.A. § 694c–1;

(c) that assuming, without deciding, 38 U.S.C.A. § 694c–1 is a remedial and not a penal statute, cf. Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 76 S.Ct. 219; United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 549, 63 S.Ct. 379, 87 L.Ed. 443; Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; Huntington v. Attrill, 1892, 146 U.S. 657, 667, 13 S.Ct. 224, 36 L.Ed. 1123; Sullivan v. Associated Billposters, 2 Cir., 1925, 6 F.2d 1000, 1009, 42 A.L.R. 503; cf. Porter v. Montgomery, 3 Cir.,

1947, 163 F.2d 211, 215, and hence may constitutionally operate retrospectively as well as prospectively if Congress so intended, and that Congress did so intend, cf. Claridge Apartments Co. v. C. I. R., 1944, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139; United States v. Magnolia Petroleum Co., 1928, 276 U.S. 160, 162–163, 48 S.Ct. 236, 72 L.Ed. 509; Preston v. Aron-Drex Realty Inc., D.C.E.D.Pa. 1952, 106 F.Supp. 690, the part of the statute here sought to be enforced contains no statute of limitations, and 28 U. S.C. § 2462, which provides a five-year period of limitations for the enforcement of any civil fine, penalty, or forfeiture does not apply to suits by individuals for recovery of treble damages to redress private wrong, see: Meeker v. Lehigh Valley R. R., 1915, 236 U.S. 412, 423, 35 S.Ct. 328, 59 L.Ed. 644; Chattanooga Foundry & Pipe Works v. City of Atlanta, supra, 203 U.S. at page 397, 27 S.Ct. 65; Florida Wholesale Drug v. Ronson Art Metal Works, D.C.D.N.J. 1955, 110 F.Supp. 573, 574;

(d) that since there appears to be no applicable federal statute of limitations, the matter is left to local law under the Rules of Decision Act, 28 U.S.C. § 1652; Meeker v. Lehigh Valley R. R., supra, 236 U.S. at page 423, 35 S.Ct. 328; Chattanooga Foundry & Pipe Works v. City of Atlanta, supra, 203 U.S. at pages 397–399, 27 S.Ct. 65; Brady v. Daly, 1899, 175 U.S. 148, 158, 20 S.Ct. 62, 44 L.Ed. 109; Florida Wholesale Drug v. Ronson Art Metal Works, supra, 110 F.Supp. at page 574;

(e) that both in determining what state statute of limitations is applicable, and in applying that statute, this court will look to the law of the state where the claim arose, Dibble v. Bellingham Bay Land Co., 1896, 163 U.S. 63, 16 S.Ct. 939, 41 L.Ed. 72; Bauserman v. Blunt, 1893, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Leonia Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y.1953, 117 F.Supp. 747, 752;

(f) that section 338(1) of the California Code of Civil Procedure provides that: "An action upon a liability created by statute, other than a penalty or forfeiture \* \* \*" shall be commenced within three years;

(g) that the nature of the remedies accorded a veteran as a private individual are such as to mark the liability here sought to be enforced as one "created by statute, other than a penalty or forfeiture", cf. Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 29, 36 S.Ct. 233, 60 L.Ed. 505, and so make the three-year period specified in § 338(1) of the California Code of Civil Procedure properly applicable at bar, Burnham Chemical Co. v. Borax Consolidated, 9 Cir., 1948, 170 F.2d 569, 576–578, certiorari denied, 1949, 336 U.S. 924, 69 S.Ct. 655, 93 L.Ed. 1086; Culver v. Bell & Loffland, 9 Cir., 1944, 146 F.2d 29, 31; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 1936, 85 F.2d 742, 750–753, certiorari denied, 1937, 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452; cf. United West Coast Theatres Corp. v. South Side Theatres, D.C.S.D.Cal.1949, 86 F.Supp. 109, affirmed 9 Cir., 1949, 178 F.2d 648; and

(h) that the cause of action here asserted by each plaintiff under 38 U.S. C.A. § 694c–1, to recover "three times the amount of \* \* \* excess consideration", accrued at least as early as June 1, 1951, and so more than three years prior to the commencement of this action on June 8, 1954;

It is ordered that defendants' motion for judgment on the pleadings be denied, and that defendants' motion for summary judgment of dismissal be granted for failure to state a claim upon which relief can be granted, Fed.Rules Civ. Proc. rule 12(b) (6), for the reason that this action was not commenced within the applicable three-year period of the California statute of limitations, Cal.Code Civ.Proc. § 338(1); see McMillen v. Douglas Aircraft Co., D.C.S.D.Cal.1950, 90 F.Supp. 670.

It is further ordered that this dismissal shall not operate as an adjudication upon the merits, Fed.Rules Civ.Proc. rule 41(b), and that all parties shall bear their own attorney fees and costs; and

the judgment of dismissal shall so provide.

It is further ordered that defendants lodge with the Clerk within five days a judgment of dismissal, to be settled under local rule 7.

It is further ordered that the Clerk this day serve copies of this order by United States mail on the attorneys for the parties appearing in this cause.