**MAGNO TRONIC CORPORATION, a New Jersey corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a New York corporation authorized to do business in New Jersey, Defendant.**

**INDUSTRIAL ELECTRONICS CORPORATION, a New Jersey corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a New York corporation authorized to do business in New Jersey, Defendant.**

**Civ. A. Nos. 1205–55, 284–57.**

United States District Court
D. New Jersey.

Feb. 5, 1958.

Furst,. Furst & Feldman, Newark, N.
J., Robert L. Wright, Washington, D. C.,
of counsel, for plaintiffs.

Toner, Crowley, Woelper & Vanderbilt,
Newark, N. J., Albert C. Bickford, New
York City, of counsel, for defendant.

MEANEY, District Judge.

These are civil actions brought under
the Anti-Trust Laws by manufacturers
and sellers of electric lamps. The ques-
tion to be determined at this juncture is
whether certain phases of these actions
are barred by a statute of limitations.
Since the same question arises in both
cases, they may be considered together.

It will be helpful to note the time se-
quence of events.

1. The United States instituted suit
against the defendant for violations of
the Anti-Trust Laws of the United States
on January 27, 1941.

2. There was final judgment in favor
of the United States against General
Electric Company on December 6, 1953.

3. Plaintiff, Magno Tronic Corpora-
tion, filed the instant suit on December
28, 1955.

4. On January 7, 1956, an amend-
ment to the Clayton Act, 15 U.S.C.A. §
15b, created a uniform four year statute
of limitations for all civil anti-trust ac-
tions.

5. Plaintiff, Industrial Electronics
Corporation, commenced its suit against
General Electric Company on April 15,.
1957.

Each of these complaints alleges a con-
tinuing breach of the anti-trust laws to
the continuing injury of the plaintiffs
from the time of their organization to
October 7, 1957, the date of filing of the
amended and supplemental complaint.
Therefore, defendant objected to two
phases of each complaint.

First, General Electric Company al-
leged that all acts prior to December 29,.
1953 (in the case of Magno Tronic Cor-
poration) and January 7, 1954 (in the
case of Industrial Electronics Corpora-
tion) were beyond the plaintiffs' reach
because barred by the applicable state
statute of limitations.

Secondly, General Electric Com-
pany attacked the remaining allegations
of illegal acts subsequent to the dates
specified, on the grounds that they failed
to state a cause of action. This latter
phase of the motion was denied so that
the only question before the court is the
applicability of the proper statute of
limitations.

In the case of Gordon v. Loew's, Inc.,.
3 Cir., 1957, 247 F.2d 451, the Court of
Appeals for this circuit found that the
New Jersey statute of limitations, N.J.
S.A. 2A:4–1, 10, applied, citing the ap-
plicable law in footnote 3 at page 454, and
that the New Jersey statute of limita-
tions in suits of this kind was the two

year period imposed on penal suits. This determination was grounded on a decision of the Supreme Court of New Jersey, Addiss v. Logan Corp., rendered in 1957, 23 N.J. 142, 128 A.2d 462 (cited in Gordon, supra, 247 F.2d at page 455).

The new uniform federal statute of limitations of four years became effective January 7, 1956, with this qualification:

"No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections." 15 U.S.C.A. § 15b.

This, then, is the heart of the matter. What was the "existing law on the effective date of this section"? And did it affect the suits at bar?

The Gordon case, supra, determined the existing law to be that found by the Supreme Court of New Jersey in the Addiss case, supra. As in the cases at bar, Gordon sought the application of the New Jersey six year statute which previous decisions in this circuit applied.[1] However, the Court of Appeals found that its choice of the statute to apply must be guided by the Addiss case. The Gordon suit, therefore, was barred because he commenced his suit on March 3, 1955, and his cause of action accrued more than two years previous to that date.

Plaintiffs in the instant suits object to the "retroactive" application of what was determined to be the New Jersey law in the Addiss case and applied in the Gordon case. It is plaintiffs' contention that such an application is a deprivation of due process since under the law as plaintiffs apprehended it under federal decisions existent at the time of the filing of these complaints, the six year statute of limitations applied.

That is the fallacy in plaintiffs' argument. The law of New Jersey is as the New Jersey Supreme Court in the Addiss case found it to be. In fact the Court of

Appeals comments that previous findings regarding the applicability of the six year statute did not have available the Addiss case which "sheds much light upon this question." Gordon, supra, 247 F.2d at page 455. So that no matter what plaintiffs construed the law governing the filing of the claim to be, the fact remains that the New Jersey Supreme Court found it to be as set forth in the Addiss case resting on sound authority prior to the institution of the present suits, though admitting that some cases held otherwise (citing Shelton Electric case, supra, footnote 1).

This court is guided by what it deems to be the finding of the Gordon case. The court appreciates fully the problems that arise when what was apparently the law is found by the highest tribunal not to be the law at all. See Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360; and Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and also 85 A.L.R. 262 which points out, in citing 7 R.C.L. at p. 1010:

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law."

Therefore, this court is constrained to follow the rule of the Gordon case.

The defendant's motion to dismiss the claims of Magno Tronic Corporation against General Electric Company existing prior to December 23, 1953, is granted because barred by the statute of limitations.

The defendant's motion to dismiss the claims of Industrial Electronics Corporation against General Electric Company existing prior to January 7, 1954, is granted because barred by the statute of limitations. It should be noted here that

---

1. Florida Wholesale Drug v. Ronson Art Metal Works, D.C.D.N.J.1953, 110 F. Supp. 573; Solinski v. General Electric Company, D.C.D.N.J.1957, 149 F.Supp. 784; Shelton Electric Co. v. Victor Talking Machine Co., D.C.D.N.J.1922, 277 F. 433.

although the Industrial complaint was filed subsequent to the effective date of the uniform federal statute of limitations act, the claims by Industrial prior to January 7, 1954, are expressly barred by the statute which bars actions already barred by existing law. 15 U.S.C.A. § 15b. The Gordon case found the two year statute to be the existing law governing claims accruing in that period.

This opinion may serve as findings of fact and conclusions of law.

Let an order be submitted.